CHAS. CALVERT, Appellant, v. W. K. HOBBS, Respondent.

Kansas City Court of Appeals, April 25, 1904.

ACTION: Securing Landlord to Oust Tenant: Res Adjudicata. Defendant as lessee of one G rented to plaintiff a portion of the demised premises; he then procured G to oust the plaintiff by an action in unlawful detainer which action defendant controlled, and plaintiff's defense of estoppel by reason of his having told G that defendant had rented him the place and G's assent thereto, failed. *Held,* that plaintiff had an action against defendant for procuring G to oust him and the matter between them was not adjudicated in the action between G and the plaintiff.

Calvert v. Hobbs.

Appeal from Mercer Circuit Court.—*Hon. P. C. Stepp,* Judge.

REVERSED AND REMANDED.

*Fred W. Coon* and *Eldon C. Orton* for appellant.

(1) In the former suit, Girdner v. Calvert, for unlawful detainer, the plaintiff had no cause of action except that given by sections 4107 and 4108, which provide that in case the tenant, Hobbs, should sublet or violate any of the provisions of his lease, the landlord, after giving the usual ten days' notice, shall have the right to re-enter and oust the subtenant. (2) Girdner, the owner of the land, having leased the land to Hobbs, had no right to sue Calvert for the possession, except it was on the ground that Hobbs had sublet. By the provisions of section 3352 his right to sue had vested in Hobbs, the lessee. The landlord has no such possession as will enable him to complain of a disseizin of his tenant. McCartney v. Alderson, 45 Mo. 35; Sexton v. Hull, 45 Mo. App. 345; Waples v. Jones, 62 Mo. 440; McCartney v. Alderson, 49 Mo. 456; Kaulleen v. Tillman, 69 Mo. 510; Gillett v. Mathews, 45 Mo. 307; Hussier v. Zallee, 24 Mo. 13; Reed v. Bell, 26 Mo. 218; Pentz v. Kuesler, 41 Mo. 447; Burns v. Palvik, 27 Mo. 434; Kingman v. Abington, 56 Mo. 46; Lindenbower v. Bently, 86 Mo. 515. (3) To be *res adjudicata* in favor of defendant's contention in this suit it must appear that it was a material fact established in the Girdner case that Hobbs had not sublet to Calvert, and that this fact was material to maintain Girdner's right of action. (4) Having proceeded to try the issue of *res adjudicata* the court should, under the evidence, have found that Hobbs had sublet and that he was estopped from claiming otherwise. (5) Hobbs, defendant in the suit at bar, now shows that he promoted the Girdner suit, hence he

is estopped from denying the facts on which that suit was based. Landis v. Hamilton, 77 Mo. 565; 2 Van Fleet on Former Adjudication, 1059. (6) The court erred in not submitting the issue of *res adjudicata* to the jury. We can find no case when this question has been tried by the court except when the jury was waived. 6 Wait's Actions and Defenses, 800; Hunter v. McElhaney, 48 Mo. App. 234; West v. Moser, 49 Mo. App. 201.

*Ira B. Hyde & Son* and *Martin Read* for respondent.

(1) Both Calvert and Hobbs were bound by the former suit, and the issues made and tried in it are *res adjudicata*. 21 Am. and Eng. Ency. Law (1 Ed.), 133; Strong v. Ins. Co., 62 Mo. 289; Wood v. Ensel, 63 Mo. 193; State ex rel. v. Coste, 36 Mo. 437; Koontz v. Kaufman, 31 Mo. App. 397; Nave v. Adams, 107 Mo. 414; State ex rel. v. Branch, 134 Mo. 592. (2) All issues made and passed upon, whether principal or subordinate, will be regarded as adjudicated. Issues actually tried and adjudicated may be shown by parol evidence and need not necessarily appear from the record. 134 Mo. 604; 21 Am. and Eng. Ency. Law, 185; State ex rel. v. Branch, 134 Mo. 592. (3) A party to an action who suffers judgment to go against him can not in a subsequent proceeding, either in equity or at law, cause such judgment to be reviewed by an allegation of the same facts which were adjudged insufficient when set out in his answer as a defense in the former action. Caldwell v. White, 77 Mo. 471; 21 Am. and Eng. Ency. Law (1 Ed.), 187, and note; Caperlin v. Schmidt, 85 Am. Dec. 187; Lee v. Kingsburg, 62 Am. Dec. 546. (4) Parol evidence is proper to show whether a question was determined in a former suit. Hickerson v. Mexico, 58 Mo. 61.

ELLISON, J.—Early in 1903, defendant (in writing) leased a farm of one Girdner for a term of three years. He then sublet a house and a small tract of land (a part of the farm) to plaintiff for one year, but without the written consent of Girdner which the written lease expressly required. Defendant then without good cause prevailed upon Girdner to oust plaintiff by procedure under the statute. Girdner being absent in another State, defendant was the active manager of the ousting proceeding and employed the attorneys therein, though no party to the record. Plaintiff filed an answer to the proceeding, in which he alleged that Girdner should be estopped from taking advantage of the lease requiring written consent and should not be allowed to turn him out, for the reason that he, plaintiff, told Girdner that defendant had sublet to him the portion of the premises referred to and that Girdner told him it was all right, that defendant had a right to sublet it. That plaintiff relying upon this assurance did not look for other property which he might then have rented, and that it was, then, at time of the ouster proceedings, too late to secure another place. Plaintiff's defense did not prevail and he was turned out of possession. He thereupon brought the present action before a justice of the peace wherein he set up in his written statement as his cause of action the facts just stated as being in his answer to the ouster proceedings, viz: as to defendant's subletting to him and then procuring Girdner to dispossess him, but omitting any reference to the estoppel against Girdner. He obtained judgment but on appeal to the circuit court the judgment was for defendant and plaintiff thereupon brought the case here.

At the trial in the circuit court it was ruled that the ouster proceedings of Girdner against this plaintiff were *res adjudicata* in this case, and a verdict was directed for defendant.

We do not see wherein there is any legal ground for holding that the ouster proceedings of Girdner against this plaintiff could be an adjudication of plaintiff's right of action against this defendant. Conceding that this defendant was the moving spirit in the ouster proceedings and that he managed the same for Girdner, that adjudication did not touch or relate to the cause of action here pending. Plaintiff was defeated in that action and dispossessed of the property for the reason that he did not have Girdner's written consent to the subletting and that the latter was not estopped. He did not litigate the subject-matter of his present action, and he could not have done so had he desired. His complaint now is that defendant leased him the premises which would have afforded him a place to earn a living if acquiesced in by Girdner, even though the letting was not binding if objection was made. And that in this condition of affairs, defendant procured Girdner to break into the arrangement and deprive plaintiff of the place, which he had relied upon keeping, when it was too late to get another. We have just stated that the subject-matter of the present action was not litigated in the ouster proceedings. We, of course, do not know what ground was actually covered by that proceeding. From glimpses which this record gives it is probable that it spread over considerable area. But we base our statement on the written pleadings in that case. The case stated for the plaintiff therein was an unlawful detainer. The case stated for defendant therein, in his answer, was that he rented of Hobbs, this defendant, and that Girdner, the plaintiff therein, was estopped to deny his right to subrent of Hobbs by inducing and telling him to do so. Girdner had no right to litigate Hobbs' right in that action. It was no concern of his whether the defendant therein (the plaintiff here) had properly lived up to his contract or agreement with Hobbs. If this plaintiff intruded on a part of Hobbs'

rented land without right, Hobbs was the party to proceed against him and not Girdner.

There was no authority to try Hobbs' case in Girdner's suit. We do not find room for application of authorities cited on *res adjudicata* in defendant's favor to the facts of this case. The only questions properly concluded by the other case are, that Girdner did not estop himself from showing that he did not give written consent; and that plaintiff was dispossessed in a suit managed and instigated by defendant. It appears that defendant made affidavit to the complaint and he has admitted that he employed the attorneys and managed the case.

The question remains: Is the case stated by plaintiff a legal cause of action? The case is, in short, stated to be that defendant sublet the premises to him by agreement of which he performed his part and led him to believe that he could occupy them under the letting. But that after it was too late to get other lands, he procured Girdner, as landlord, to take advantage of the lack of his written consent and to dispossess him. If the case can be substantiated by evidence he is entitled to recover.

The judgment is reversed and the cause remanded. All concur.